UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WEICHSEL FARM LIMITED PARTNERSHIP<br>Attn: John Sears<br>2602 McKinney Avenue, Suite 400<br>Dallas, Texas 75204<br>     Plaintiff<br><br>v.<br><br>FDIC, AS RECEIVER OF<br>WASHINGTON MUTUAL BANK,<br>HENDERSON, NEVADA<br>c/o Regional Office<br>1601 Bryan Street<br>Dallas, Texas 75201<br>     Defendant | § § § § § § § § § § § § § § § § | CASE NO. _____ |

## ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **Weichsel Farm Limited Partnership**, Plaintiff in the above entitled and numbered matter, complaining of the **Federal Deposit Insurance Corporation, as Receiver of Washington Mutual Bank, Henderson, Nevada**, and, for such, would respectfully show unto the Court as follows:

I.

### PARTIES

1. Plaintiff Weichsel Farm Limited Partnership ("**Weichsel Farm**") is a Texas limited partnership with its principal place of business located in Dallas County, Texas.

2. Defendant Federal Deposit Insurance Corporation ("**FDIC**"), as Receiver of Washington Mutual Bank, Henderson, Nevada ("**WaMu**"), is a governmental entity

organized under the laws of the United States of America and having its principal place of business located in Washington, DC., but having a designated regional office located at 1601 Bryan Street, Dallas, TX. Defendant can be served with process by serving its regional counsel, Donald B. McKinley, at 1601 Bryan Street, Dallas, TX.

## II.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(2) inasmuch as complete diversity of citizenship exists and the amount in controversy exceeds Seventy Five Thousand and 00/100ths Dollars ($75,000.00) and pursuant to § 1821(d).

4.  Venue is appropriate in this Court inasmuch as the FDIC is headquartered in Washington, D.C.

## III.

## BREACH OF LEASE

5.  In or about June 2008, Weichsel Farm, as Landlord, entered into a Ground Lease (the "**Lease**") with WaMu, as Tenant. The Lease involved a tract of land located at 3040 West Mockingbird Lane, Dallas, Dallas County, Texas (the "**Property**").

6.  The Lease in question was effective as of June 27, 2008. On or about September 22, 2008, WaMu served notice upon the Landlord pursuant to Section 4.01 of the Lease confirming that the "Feasibility Period contingency" [sic] set forth in Section 4.01 of the Lease had been satisfied and that "the Lease remains in effect." All Lease contingency or conditions imposed on the Landlord have been satisfied or excused.

7.Within days of WaMu confirming that the Feasibility Period Contingency had been satisfied, WaMu was closed and its assets and liabilities sold by the Federal Deposit Insurance Corporation ("**FDIC**") to JPMC pursuant to a Purchase and Assumption Agreement <u>Whole Bank</u> Among Federal Deposit Insurance Corporation, Receiver of Washington Mutual Bank, Henderson, Nevada; Federal Deposit Insurance Corporation; and JPMorgan Chase Bank, National Association (the "**Purchase and Assumption Agreement**" or "**PAA**").

8.Pursuant to the PAA, JPMC purchased substantially all of the assets and assumed substantially all of the liabilities of WaMu. The notable exception to the acquisition of WaMu's assets dealt with the assumption of "Bank Premises" leases held by WaMu. Pursuant to the PAA, JPMC had an option, but not the obligation, to assume any WaMu lease covering property that immediately before September 25, 2008, WaMu was using as a "Bank Premises." The PAA defined the term "Bank Premises" to mean:

> . . . banking houses, drive-in banking facilities, and teller facilities (staffed or automated) together with appurtenant parking, storage and service facilities and structures connection remote facilities to banking houses, and land on which the foregoing are located, that are owned or leased by [WaMu] **and that are occupied by [WaMu] as of Bank Closing**. (**Emphasis** added.)

At the time of WaMu's closing, the tract of land leased from Plaintiff by WaMu consisted of a vacant, undeveloped tract. Such tract was neither "occupied" nor was it being used as a banking house. Rather than qualifying as a "Bank Premises," as such term is used in the PAA, the Lease in question falls within the PAA's definition of "Other Real Estate," which is defined by the PAA to mean:

> . . . all interests in real estate (other than Bank Premises and Fixtures), including but not limited to mineral rights, **leasehold rights**, condominium and cooperative interests, air rights and development rights that are owned by [WaMu]. (**Emphasis** added.)

Property falling within the definition of "Other Real Estate" was expressly assumed by JPMC pursuant to Sections 2.1 and 3.1 of the PAA.

9. Despite the fact that the express terms of the PAA required JPMC to assume the rights and liabilities associated with "Other Real Estate," JPMC has renounced its obligations under the terms of the Lease. Specifically, in letters dated December 22, 2008 and February 13, 2009, JPMC announced that it would not be "assuming this lease." JPMC's repudiation of its obligations under the Lease were then repeated on March 25, 2009. In its most recent letter, JPMC claimed that it had "vacated the premises as of 01/22/2009" and declared that it had "no further obligations under the lease."

10. Plaintiff believes that JPMC has incorrectly claimed that it had the "option to assume or not assume leases." Plaintiff believes that JPMC's claim is directly contradicted by the terms of the PAA. Plaintiff believes that JPMC's lease option pertains only to "Bank Premises" and that the PAA makes it clear that JPMC was obligated to assume all the rights and obligations associated with "Other Real Estate." In the unlikely event that JPMC is correct and that the Plaintiff's lease was not assumed by JPMC, Plaintiff hereby makes this claim to recover from the FDIC, as Receiver for WAMU, all damages arising as a result of the breach of the Lease.

11. Plaintiff has previously filed a contingent claim with the Receiver for the amounts sought by this suit. The Receiver has denied Plaintiff's claim. Therefore, this suit is being brought to preserve Plaintiff's claim in the unlikely event JPMC did not assume the Least at issue.

12. Plaintiff Weichsel Farm has retained the undersigned law firm to represent it in connection with the instant matter. In connection therewith, Plaintiff Weichsel Farm has

agreed to pay the undersigned law firm a reasonable and necessary attorneys' fee in connection with its representation of Plaintiff Weichsel Farm in the instant dispute. Accordingly, in addition to its actual and special damages, Plaintiff Weichsel Farm is entitled to recover its reasonable and necessary attorneys' fees, in addition to costs of court and all other relief sought.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Weichsel Farm Limited Partnership respectfully prays:

1. that the Court take notice of its suit;

2. that Defendant Federal Deposit Insurance Corporation, as Receiver of Washington Mutual Bank, Henderson, Nevada, be cited to appear and answer herein;

3. that Plaintiff Weichsel Farm recover judgment against Defendant Federal Deposit Insurance Corporation, as Receiver of Washington Mutual Bank, Henderson, Nevada, for its actual damages, together with its attorneys' fees and costs, pre-judgment and post-judgment interest; and, finally,

4. that Plaintiff Weichsel Farm be awarded such other and further relief, general or special, at law or in equity, to which it may show itself to be justly entitled.

Respectfully submitted,

*William N. LaForge*
**William N. LaForge - Bar #405623**
ATTORNEYS FOR PLAINTIFF
1120 20th Street, N.W., Suite 700 North
Washington, DC 20036
202 572 8000

ORIGINAL COMPLAINT
615990  3658 0002
Page 5